IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** ) | Cause No. CR 11-70-BLG-JDS-01 | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| **MICHAEL BRYANT, JR.,** ) | **O R D E R** | |
| ) | \* \* \* \* \* | |
| Defendant. ) | | |

Upon the Court's own motion,

**IT IS ORDERED:**

1. Trial of this case shall commence before the Honorable Jack D. Shanstrom, sitting with a jury, at <u>9:00 o'clock a.m. on August 15, 2011,</u> James F. Battin Federal Courthouse, Billings, Montana.

2. On or before <u>July 5, 2011</u>, the United States Attorney, or an Assistant United States Attorney, and defendant's attorney shall meet and confer and, upon request of the attorney for the

defendant, the government shall:

(a) Permit defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or may become known, to the attorney for the government.

(b) Permit defendant's attorney to inspect and copy or photograph any relevant results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the case, or copies thereof, within the possession, custody, or control of the government, the existence of which is known to the attorney for the government, and which are material to the defendant's case.

(c) Permit defendant's attorney to inspect and copy or photograph any recorded testimony of the defendant before a grand jury.

(d) Permit defendant's attorney to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places which are the property of the defendant and which are within the possession, custody, or control of the government.

(e) Make known to defendant's attorney the defendant's prior criminal record in the possession of the attorney for the government.

(f) Permit defendant's attorney to inspect, copy, or photograph any evidence favorable to the defendant.

(g) Advise defendant's attorney of the existence or non-existence of any evidence in the possession of the government obtained as a result of any electronic surveillance or wire-tap.

(h) Advise defendant's attorney of the contemplated use of informer testimony (fact of informer only, not name or testimony).

(i) Disclose to defendant's attorney its intent to use any statements or confessions made by the defendant. If defendant questions the admissibility of such statement or confession, the hearing required by *Jackson v. Denno*, 378 U.S. 368 (1964), shall be held at least ten days prior to trial.

3. If, in the judgment of the United States Attorney, it would not be in the interests of justice to make any one or more disclosures set forth in paragraph 2 and requested by defendant's counsel, disclosure may be declined, and defense counsel advised. Contested matters of discovery may require rulings by the Court.

4. Upon compliance by the government with the defendant's discovery request, defendant shall supply reciprocal discovery pursuant to Fed.R.Crim.P. 16(b).

5. The parties are under a continuing duty of disclosure and discovery of materials pursuant to Fed.R.Crim.P. 16(c).

6. This order is not intended to preclude discovery by the

government pursuant to Fed.R.Crim.P. 16(c).

7. All pretrial motions and supporting briefs, excluding motions in limine and motions for change of plea, shall be filed on or before July 19, 2011. Opposing parties must file responsive briefs within seven days.

8. All requests for service of subpoenas by the United States Marshal must be on file in the Clerk of Court's office no later than twenty-one days before the appearance date. Except for good cause shown, service of subpoenas after said date is the responsibility of counsel.

9. Any petition for a writ of habeas corpus ad testificandum or prosequendum, along with a proposed order, must be filed no later than 21 days prior to the trial date.

10. Any motion for change of plea shall be received in the office of the Clerk of Court, Billings, Montana no later than five working days before the trial setting. Any plea agreement shall be signed by all parties and received in the office of the Clerk of Court, Billings, Montana, no later than 48 hours before the change of plea hearing. In the absence of a motion or signed plea agreement by these dates, the Clerk of Court will order a jury, and the Court may assess costs or impose other sanctions.

11. Originals of proposed voir dire questions shall be on file with the Clerk of Court, Billings, Montana, no later than the Wednesday before the trial setting; two working copies shall be mailed directly to the presiding judge.

12.  The parties are required to jointly submit one set of agreed-upon instructions.  If the parties cannot agree upon one complete set of instructions, they shall submit one set of those instructions that have been agreed upon, and then each party shall submit a supplemental set of instructions which are not agreed upon.

13.  The <u>original</u> joint <u>and</u> supplemental instructions shall be filed with the Clerk of Court no later than the <u>Wednesday before the trial setting</u>.

14.  Objections to the non-agreed upon instructions proposed by the other party shall be filed no later than the <u>Thursday before the trial setting</u>, with copies thereof to be presented to the presiding judge on that same date.  These objections shall set forth the proposed instruction objected to in its entirety, shall specifically set forth the objectionable material, and shall contain citation to authority and a concise statement of argument.  The objecting party may submit an alternative instruction.

15.  On the day of trial, the parties may submit a concise argument supporting the appropriateness of their instructions to which the other party objected.

16.  All instructions shall be short, concise, understandable and <u>neutral</u> statements of law.  Argumentative or formula instructions are improper, will not be given, and should not be submitted.

17.  The parties should also note that any modifications of

instructions from statutory authority, Ninth Circuit pattern instructions, or Devitt and Blackmar (or any other form instructions), must specifically state the modification made to the original form instruction and the authority supporting the modification.

18. The parties shall submit one working copy and one clean copy of the joint and supplemental instructions to the Clerk of Court in the Division in which the case is venued. The clean copy should contain no citations and should not include a signature line for the Judge. Both parties also shall submit a clean copy of the joint and supplemental instructions on a 3.5" disc in Wordperfect format. The disc shall be submitted to the Clerk of Court in the Division in which the case is venued.

    (a) The clean copy shall contain

        1) a heading reading "Instruction No. ___";

        2) the text of the instruction;

        3) no citations or markings other than the text.

    (b) The working copy shall contain

        (1) a heading reading "Instruction No. ___";

        (2) the text of the instruction;

        (3) the number of the proposed joint or supplemental instruction;

        (4) the legal authority for the instruction;

        (5) the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

(c) Jury instructions shall be prepared in <u>12 point typeface</u>.

19. Generally, the Court gives stock instructions in every criminal trial. Prior to submitting instructions, the parties may contact the Court so that the proposed instructions do not duplicate the Court's stock instructions.

20. Failure to comply with the above requirements may subject the non-complying party and/or its attorneys to sanctions.

To enable the Court to operate in the most efficient manner possible, it is essential that this schedule be strictly adhered to by the parties.

The Clerk of Court is directed to forthwith notify the parties of the making of this order.

**DONE** and **DATED** this 22nd day of June, 2011.

/s/ Jack D. Shanstrom
Senior U.S. District Judge