STEVEN C. BABCOCK
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
P.O. Box 1778
Billings, Montana 59103-1778
Phone: (406) 259-2459
      Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| UNITED STATES OF AMERICA, | Case No. CR-11-70-BLG-JDS |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS INDICTMENT** |
| MICHAEL BRYANT, JR., | |
| Defendant. | |

COMES NOW Defendant MICHAEL BRYANT, JR., by and through his counsel of record, the FEDERAL DEFENDERS OF MONTANA and STEVEN C. BABCOCK, Assistant Federal Defender, and moves the Court for an order to dismiss the Indictment filed in this case.

# I. ARGUMENT

The government charged Mr. Bryant by Indictment with Domestic Assault by Habitual Offender pursuant to 18 U.S.C. §117(a). That statute provides, in relevant part:

> (a) In general.--Any person who commits a domestic assault within the special maritime and territorial jurisdiction of the United States or Indian country and who has a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction--
>
> (1) any assault, sexual abuse, or serious violent felony against a spouse or intimate partner; or
>
> (2) an offense under chapter 110A,
>
> shall be fined under this title, imprisoned for a term of not more than 5 years, or both, except that if substantial bodily injury results from violation under this section, the offender shall be imprisoned for a term of not more than 10 years.

18 U.S.C. §117(a). The initial Complaint against Mr. Bryant alleges that Mr. Bryant had been convicted of domestic violence on more than two occasions in the Northern Cheyenne Tribal Court of and for the Northern Cheyenne Tribe in Lame Deer, Montana. Tribal court proceedings are not governed by the United States Constitution but by the Indian Civil Rights Act or tribal law. And although Section 202 of the Indian Civil Rights Act of 1968 forbids an Indian tribe from denying a defendant in a criminal proceeding the right "at his own expense" to counsel, 25

U.S.C. §1302(6), there is no right to appointed counsel for an indigent defendant in tribal court. Mr. Bryant did not have the assistance of counsel to represent him when convicted by the tribe.

The Sixth Amendment gives a criminal defendant the right to counsel and the corresponding right to waive the right to counsel and proceed pro se. *Faretta v. California*, 422 U.S. 806, 820 (1975); *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004). Assistance of counsel is so important because :

> [The Sixth Amendment right to counsel] embodies a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his life or liberty, wherein the prosecution is presented by experienced and learned counsel. That which is simple, orderly, and necessary to the lawyer--to the untrained layman--may appear intricate, complex, and mysterious. . . .
>
> The '... right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him.

*Johnson v. Zerbt*, 304 U.S. 458 (1938 304 U.S. at 462-463 (quoting *Powell v. Alabama*, 287 U.S. 45, 68 (1932)). In *Gideon v. Wainwright*, the court expanded this protection to felonies charged in state court. 372 U.S. 335 (1963). The court later

extended *Gideon* to include misdemeanors for which a defendant was sentenced to jail. *Argersinger v. Hamlin*, 407 U.S. 25 (1972). While this right may be waived, a waiver of the right to counsel "must be voluntary, intelligent, and knowing." *Id*. This standard is met if a court informs the defendant of the dangers and disadvantages of self-representation and the record evidences the defendant knew and understood the disadvantages. *Id*.

In general, however, a conviction entered without the assistance of counsel cannot be used in a subsequent proceeding. *Burgett v. Texas*, 389 U.S. 109 (1967); *United States v. Tucker*, 404 U.S. 443 (1971); *Loper v. Beto*, 405 U.S. 473 (1972); *United States v. Custis*, 511 U.S. 485 (1994) ("failure to appoint counsel for an indigent defendant was a unique constitutional defect."). And while this rule does not apply to the use of an uncounseled conviction in a "sweeping prophylaxis" (see *Lewis v. United States*, 445 U.S. 55 (1980)) or at sentencing where the uncounseled misdemeanor did not receive a sentence of imprisonment (see *Nichols v. United States*, 511 U.S. 738 (1994)), it has not been tested under the circumstances at play here, thus the general rule should govern.

Here, the standard for waiver of the right to counsel in federal court was not met in the tribal court proceedings because unlike in federal court, Mr. Bryant had no right to a court-appointed lawyer. The issue before the Court is not to question the tribal justice system, but instead to evaluate whether the convictions satisfy

constitutional requirements for use in a federal prosecution in federal court. Relying on un-counseled tribal convictions violates "anew" the Sixth Amendment right to counsel and Due Process in this case. Tribal convictions introduced in federal court to prove an essential element of a federal crime must be in compliance with the United States Constitution.

This issue has been wrongly decided in two circuits. In *United States v. Cavanaugh*, 643 F.3d 592 (8th Cir. 2011), an exhausting review of the Sixth Amendment was conducted only for the court to state the following:

"Reasonable decision-makers may differ in their conclusions as to whether the Sixth Amendment precludes a federal court's subsequent use of convictions that are valid because and only because they arose in a court where the Sixth Amendment did not apply. Accordingly, as a matter of first impression, we hold that, in the absence of any other allegations of irregularities or claims of actual innocence surrounding the prior convictions, we can not preclude the use of such a conviction in the absence of an actual constitutional violation." *Cavanaugh*, 643 F.3d at 605.

The problem with this statement is that there is an actual constitutional violation. The prior convictions in tribal court for Cavanaugh may have not been an actual constitutional violation because the Bill of Rights and the Fourteenth Amendment does not apply to tribal courts. *Id.* at 596. However, there is an actual constitutional violation when that same tribal conviction is used as an essential

element of the offense in federal court. See 18 U.S.C. §117(a). Federal courts don't even use tribal convictions to calculate a defendant's criminal history score when calculating an advisory guideline range. U.S.S.G. §4A1.2. However, under this rationale an individual would not receive any criminal history points for the same tribal convictions that were used to establish an essential element of the charge at trial.

The Tenth Circuit has followed the rational in *Cavanaugh* with a decision that this Court should give very little weight. *United States v. Shavanaux*, 647 F.3d 993 (10th Cir. 2011). Once again because the Bill of Rights does not apply to Indian tribes, tribal convictions can not violate the Sixth Amendment. However, those same convictions can once again be used to establish an essential element of 18 U.S.C. §117(a) even though the Sixth Amendment would have been violated in State, Federal or any municipal court.

The Ninth Circuit's jurisprudence supports Bryant's Motion to Dismiss. In *United States v. Ant*, 882 F.2d 1389 (9th Cir. 1989), the Ninth Circuit held that a guilty plea entered in accordance with tribal code and the ICRA could not be admitted in federal prosecution because it violated the Sixth Amendment. In *Ant*, the defendant, an Indian, pled guilty to assault and battery in tribal court and was sentenced to six months in jail. The defendant was not represented by a lawyer, although he was likely advised of his right to a lawyer. Subsequently, a federal

indictment charged the defendant with voluntary manslaughter. The defendant moved to suppress his confession and guilty plea from tribal court, arguing exclusion was appropriate because his right to counsel under the Sixth Amendment was violated and his confession was involuntary in violation of the Fifth Amendment. The Ninth Circuit analyzed whether the guilty plea was made under conditions consistent with the United States Constitution. 882 F.2d at 1393–94. Because the defendant was not provided the opportunity for court-appointed counsel in tribal court and thus the proceedings did not meet constitutional requirements, the Ninth Circuit suppressed the uncounseled tribal court guilty plea. *Id*. at 1395–96.

The uncounseled tribal court convictions in the present case are necessary to prove an essential element of a federal crime. They are not being offered for purposes of sentencing enhancement, for purposes of impeachment, or as evidence under Fed.R.Evid. 404(b). There is no situation in which a party could introduce evidence obtained in violation of the United States Constitution and allow it to be offered as substantive evidence to prove an essential element of a federal offense. Adherence to the requirements of the United States Constitution is just as compelling as the circumstances in *Ant*. To permit a conviction that violates the Sixth Amendment to be used against a person to support guilt for another offense would erode the very principle set forth in *Gideon*. *United States v. Tucker*, 404 U.S. 592 (1972); *Burgett v. Texas,* 389 U.S. 109, 114 (1967).

In addition to violating the Sixth Amendment and Due Process, relying on uncounseled tribal convictions violates the Equal Protection Clause of the United States Constitution because it deprives a certain class of citizens of their constitutional right to have counsel appointed based on their race and ethnic origin. Of the Supreme Court cases mentioned briefly above, only one discusses the deprivation of the right to counsel as an issue of equal protection. In *Lewis*, the defendant argued that the felon in possession statute unreasonably discriminated between felons and non-felons, regardless of the validity of the conviction. The Court rejected this argument, reasoning that if Congress could deprive other civil rights, such as voting or holding office, then "Congress could rationally conclude that any felony conviction, even an allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm." 445 U.S. at 66.

Unlike in *Lewis*, under §117, the line between those with counseled and uncounseled convictions is, in fact, a racial one. Because tribal courts have jurisdiction over Indians only, the only defendants to be charged based on an uncounseled tribal conviction would be Indians. Because this distinction falls along racial lines, it is subject to higher scrutiny than the rational basis review applied in *Lewis*.

This issue should also be distinguished from that resolved in *United States v. Antelope*, 430 U.S. 641 (1997). In *Antelope*, the Court considered whether a federal

murder prosecution of an Indian for a crime that occurred on tribal land violated Equal Protection because a non-Indian could not have been prosecuted under that statute. Essentially, the Court held that the statute did not discriminate against Indians because it applied equally to any defendant who committed the offense in a federal enclave. The Court noted that the defendants were "subjected to the same body of law as any other individual, Indian or non-Indian, charged with first-degree murder committed in a federal enclave." *Id*. at 648. The Court concluded: "Under our federal system, the National Government does not violate equal protection when its own body of law is evenhanded, regardless of the laws of States with respect to the same subject matter." *Id*. at 649.

In contrast to generally-applicable statute at issue in *Antelope*, the statute at issue was enacted to address the serious problem of domestic violence in Indian country. Although §117 on its face applies to any domestic violence committed on a federal enclave, the legislative history makes clear that this statute was not adopted as a statute of general applicability but was specifically targeted towards Native Americans. Moreover, given the widespread recognition in state and federal courts that the Sixth Amendment requires appointment of counsel even in misdemeanors where jail is possible, the possibility that a defendant's prior convictions will be uncounseled rests exclusively with Indians. It is highly unlikely that a person of any other race will be prosecuted under §117 based on uncounseled prior misdemeanors.

And it is a legal certainty that they will not be charged based on uncounseled tribal convictions. Yet Indians across the country are being charged with violations of §117 based on uncounseled tribal convictions. This cannot survive strict scrutiny.

Even if the Court applies a rational basis test, given the important nature of the right to counsel, there is not even a rational basis to use an uncounseled tribal conviction in federal court. While recognizing the unique status of tribes and tribal sovereignty, Indians should not be accorded less than the minimum protections guaranteed by the Constitution. After all, Indians indicted under the Indian Major Crimes Act enjoy the same procedural benefits and privileges as all other persons within federal jurisdiction, so should they under 18 U.S.C. §117. Such a result not only complies with the protections guaranteed to individual citizens by the Constitution but it puts all defendants indicted under 18 U.S.C. §117 on the same playing field. As it stands now, Indians are the only group of defendants that could face conviction under 18 U.S.C. §117(a) as a result of underlying convictions for which they had no right to court-appointed counsel. See Troy Eid & Carrie Doyle, Separate but Unequal: The Federal Criminal Justice System in Indian Country, 81 U. Colo. L. Rev. 1067 (2010) (arguing that constitutional "first principles" call for reforms to ameliorate the discrimination against Native Americans under the federal criminal justice system).

## II. CONCLUSION

For all these reasons, in particular the reasoning the Ninth Circuit employed in *United States v. Ant* , this Court should find §117 to be unconstitutional and dismiss the Indictment.

RESPECTFULLY SUBMITTED this 7th day of November, 2011.

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
Counsel for Defendant

# CERTIFICATE OF COMPLIANCE

I hereby certify that this Defendant's Brief in Support of Motion to Dismiss Indictment is in compliance with Local Rule 12.1(e). The Brief's line spacing is double spaced. The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14 point size and contains 2,369 words, excluding tables and certificates.

DATED this 7th day of November, 2011.

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
 Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on November 7, 2011, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-ECF |
| ____ | Hand Delivery |
| 3 | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. E. VINCENT CARROLL
   Assistant United States Attorney
   United States Attorney's Office
   P.O. Box 1478
   Billings, MT 59103
       Counsel for the United States.

3. MICHAEL BRYANT, JR.
       Defendant

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
    Counsel for Defendant