E. VINCENT CARROLL
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Ave. North, Suite 400
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6058
Email: Vincent.Carroll@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

**JAN 1 0 2012**

PATRICK E. DUFFY CLERK
BY _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 11- 70 - BLG - JDS |
|---|---|
| Plaintiff, | |
| vs. | **CONDITIONAL PLEA AGREEMENT** |
| MICHAEL BRYANT, JR., | (Rule 11(a)(2), *Federal Rules of Criminal Procedure* - Reserving Issue for Appeal) |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

the United States of America, by E. Vincent Carroll, Assistant United States Attorney for the District of Montana, and the defendant, MICHAEL BRYANT, JR., and his attorney, Steven C. Babcock, have agreed upon the following:

1. The defendant acknowledges that he has been charged in the Indictment in this case with a violations of 18 U.S.C. § 117(a), Domestic Assault By an Habitual Offender.

2. The defendant has read the charges against him contained in the Indictment and those charges have been fully explained to him by his attorney.

3. The defendant fully understands the nature and elements of the crimes with which he has been charged.

4. The defendant will enter a voluntary plea of guilty to counts one and two of the indictment in this case.

5. *Nature of the Agreement*: The parties agree that this plea agreement, which is conditional as to the right to appeal but unconditional as to the sentence that can be imposed by the Court, shall be filed and become a part of the record in this case, and will be governed by Rule 11(a)(2), Federal Rules of Criminal Procedure,

AUSA  Atty  Def  Date

wherein the defendant reserves, with the consent of the government, the right to appeal the adverse pre-trial ruling denying defendant's motion to dismiss the indictment by the Court, and make certain non-binding recommendations as to sentence.

This plea agreement is conditional pursuant to Rule 11(a)(2), Federal Rules of Criminal Procedure. The defendant reserves the right to have an appellate court review the adverse resolution of the defendant's pretrial motion to dismiss. The defendant acknowledges that this right may only be reserved with the consent of the court and the government. By this agreement the United States gives its consent to the defendant's reservation.

*Effect of Withdrawal from the Agreement:* The parties stipulate and agree that if the defendant moves to withdraw his guilty plea, entered pursuant to and receiving the benefits of this agreement, and if he successfully withdraws his plea either in the district court or on appeal, that this agreement will become null and void.

Moreover, if the defendant at any time after judgment is entered obtains dismissal, reversal or remand of the count or counts of conviction for any reason, other than on the basis of the issue or issues

3  AUSA /s/  Atty /s/  Def MB  Date 1/9/12

reserved herein for appeal, the United States will be permitted, by agreement of the parties, to restore all original charges either dismissed or not filed pursuant to this plea agreement. The defendant, in that circumstance, expressly waives any claim of double jeopardy or right to have this agreement enforced. In such event, the defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act, or any other potential restriction on the re-institution of counts dismissed, or institution of counts surrendered, as part of the consideration given by the prosecution in this agreement.

6. *Admission of Guilt:* The defendant will plead guilty because he is in fact guilty of the charges contained in the Indictment. In pleading guilty, the defendant acknowledges:

### Count I

That on or about February 28, 2011, at Birney, in the State and District of Montana, and within the exterior boundaries of the Northern Cheyenne Indian Reservation, being Indian country, the defendant, MICHAEL BRYANT, JR., intentionally assaulted C.L.O., a person who cohabitated with and was an intimate partner of the

4   AUSA  Atty  Def  Date

defendant, after having been convicted of at least two separate prior

domestic assaults, in violation of 18 U.S.C. § 117(a).

## Count II

That on or about May 7, 2011, at Birney, in the State and District

of Montana, and within the exterior boundaries of the Northern

Cheyenne Indian Reservation, being Indian country, the defendant,

MICHAEL BRYANT, JR., intentionally assaulted D.E., a person who

cohabitated with and was an intimate partner of the defendant, after

having been convicted of at least two separate prior domestic assaults,

in violation of 18 U.S.C. § 117(a).

7. *Maximum Punishment Provided by Law:* The defendant

understands the charges to which he will plead guilty carry a

maximum penalty of five years, each, imprisonment and a $250,000

fine each. Further, the defendant acknowledges that the crimes to

which he is entering a plea are Class D felonies, 18 U.S.C. § 3559(a)(4),

which provides for a maximum term of supervised release of three

years each. 18 U.S.C. § 3583(b)(2).

8. *Elements of the Charge:* The defendant has been advised of



5    AUSA   Atty   Def   Date

the nature of the charges made against him and the elements of the crimes to which he is entering a guilty plea. The defendant understands that if the case were to go to trial the government would be required to prove each and every element of the crimes. He further acknowledges that these are the elements of the crimes charged in the Indictment:

**Domestic Abuse by an Habitual Offender:**
Title 18 U.S.C. § 117(a)

**First**, the crime occurred on the Northern Cheyenne Indian Reservation;

**Second**, the defendant intentionally committed a domestic assault;

**Third**, the defendant has at least two separate prior convictions in tribal court, that would be, if subject to federal jurisdiction, an assault against an intimate partner.

The defendant understands that by entering a guilty plea, the government will not be required to present proof of his guilt and the elements recited herein because there will be no trial if the Court accepts his plea of guilty and the plea agreement of the parties.

9. *Recitation of Rights:*

    (a)    During the entry of any plea pursuant to this plea



agreement, the government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives during any such plea colloquy.

  (b) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury.

  (c) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

  (d) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless after hearing all the evidence, it was persuaded of the defendant's guilt

EK XE MB 1/9/12
AUSA Atty Def Date

beyond a reasonable doubt.

(e)   If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(g)   At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, he could testify in his own behalf.

(h)   If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to

8


AUSA   Atty   Def   Date

appeal his conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle him to reversal of the conviction.

(i) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By his execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

10. *Waiver of Rights by Plea:* The defendant understands that by pleading guilty pursuant to this agreement, he is waiving all the rights set forth in the prior paragraph. The defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

11. *Recommendations:*

The parties are each free to argue for any reasonable sentence.

The United States will recommend that the defendant be given a two point credit for acceptance of responsibility, unless the defendant is

9



found to have obstructed justice prior to sentencing. USSG §3C1.1.

The United States reserves the right to object to or comment upon the applicability, or inapplicability, of any adjustment or enhancement to be used in the advisory sentencing guideline calculation. The United States further reserves the right to object to a sentence outside the advisory guideline range determined by the Court. The United States will object to making any term of incarceration imposed in this case concurrent to any other sentence the defendant may be serving.

Both parties acknowledge that the Court is not bound by the recommendations of either party, and may sentence the defendant to a sentence anywhere within the advisory Guideline range or may impose any reasonable sentence outside that guideline range.

Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

EK / AUSA  / Atty  mB / Def  1/9/12 / Date

12. *Effect of Early Decision:* If the defendant otherwise qualifies for a two level adjustment for acceptance of responsibility, and his offense level is 16 or greater, and if the defendant files this agreement or a Motion for Change of Plea Hearing at least 14 days prior to the date now set for trial, the United States will move the Court at the time of sentencing to award the defendant an additional point for acceptance of responsibility pursuant to USSG § 3E1.1(b).

13. *Non-Prosecution or Dismissal:* Upon acceptance of this agreement by the Court, the United States Attorney for Montana shall bring no further action against the defendant based upon the facts alleged in this Indictment. Both parties acknowledge that the prosecution has no authority to bind the U.S. Probation Office or the Court with respect to guideline enhancements or adjustments they deem appropriate.

14. *Voluntary Plea:* The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement to induce the defendant to plead guilty.



AUSA   Atty   Def   Date

15. *Special Assessment/ Financial Obligations:* The defendant recognizes that he will be responsible for a mandatory assessment of $ 100 on each count of conviction pursuant to 18 U.S.C. § 3013 of the Comprehensive Criminal Control Act. The defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately, and subject to immediate enforcement by the United States. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

16. *Detention/Release After Plea:*



12 AUSA Atty Def Date

Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that he will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted *or* (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed *and* (B) the Court finds, by clear and convincing evidence, that he is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

17. *Entire Agreement:* Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

\\

**MICHAEL W. COTTER**
**United States Attorney**

_____
E. VINCENT CARROLL
Assistant U. S. Attorney


_____
MICHAEL BRYANT, JR.
Defendant


_____
STEVEN C. BABCOCK
Defense Counsel