**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. MICHAEL BRYANT, JR., *Defendant-Appellant*. | No. 12-30177 D.C. No. 1:11-cr-00070-JDS-1 OPINION |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Argued and Submitted
July 10, 2014—Portland, Oregon

Filed September 30, 2014

Before: Harry Pregerson, Richard A. Paez,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Paez;
Concurrence by Judge Watford

## SUMMARY[*]

**Criminal Law**

The panel reversed the district court's denial of a motion to dismiss an indictment charging the defendant, an Indian, with two counts of domestic assault by a habitual offender, in violation of 18 U.S.C. § 117(a).

Applying *United States v. Ant*, 882 F.2d 1389 (9th Cir. 1989), the panel held that, subject to the narrow exception recognized in case law for statutes that serve merely as enforcement mechanisms for civil disabilities, tribal court convictions may be used in subsequent prosecutions only if the tribal court guarantees a right to counsel that is, at minimum, coextensive with the Sixth Amendment right. Because the defendant's tribal court domestic abuse convictions would have violated the Sixth Amendment had they been obtained in federal or state court, the panel concluded that it is constitutionally impermissible to use them to establish an element of the offense in a subsequent prosecution under § 117(a), which is an ordinary recidivist statute and not a criminal enforcement scheme for a civil disability.

Concurring, Judge Watford wrote separately to highlight why *Ant* warrants reexamination.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Steven C. Babcock (argued), Assistant Federal Defender, and Anthony R. Gallagher, Federal Defender, Federal Defenders of Montana, Billings, Montana, for Defendant-Appellant.

Lief Johnson (argued), Assistant United States Attorney, Michael W. Cotter, United States Attorney, and Michael S. Shin, Assistant United States Attorney, United States Attorney's Office, Billings, Montana, for Plaintiff-Appellee.

**OPINION**

PAEZ, Circuit Judge:

Michael Bryant, Jr., an Indian, was indicted on two counts of domestic assault by a habitual offender, in violation of 18 U.S.C. § 117(a).[1] In support of the charges, the government relied on two prior tribal court convictions for domestic abuse. These convictions were uncounseled and at least one resulted in a term of imprisonment. The Sixth Amendment guarantees indigent defendants in state and federal criminal proceedings appointed counsel in any case where a term of imprisonment is imposed. *Scott v. Illinois*, 440 U.S. 367, 369, 373–74 (1979). But the Sixth Amendment does not apply to tribal court proceedings. *United States v. First*, 731 F.3d 998, 1002 (9th Cir. 2013), *petition for cert.*

---

[1] Although we are mindful that the term "Native American" or "American Indian" may be preferable, we use the term "Indian" throughout this opinion because that is the term used throughout the United States Code. We also use the term "tribal," as that is the term used in 18 U.S.C. § 117(a).

*filed*, ___ U.S.L.W. ___ (U.S. Mar. 20, 2014) (No. 13-9435). In this case, we must decide whether, in a prosecution under § 117(a), the government may use prior tribal court convictions that, although not obtained in violation of the Constitution, do not comport with the Sixth Amendment right to counsel to prove an element of the offense. We hold that *United States v. Ant*, 882 F.2d 1389, 1395 (9th Cir. 1989), prohibits the use of such convictions in a § 117(a) prosecution. We therefore reverse the district court's denial of Bryant's motion to dismiss the indictment.

## I. BACKGROUND

In June 2011, Michael Bryant, Jr. was indicted on two counts of domestic assault by a habitual offender, in violation of 18 U.S.C. § 117(a). Section 117(a) criminalizes the commission of "domestic assault within . . . Indian country" by any person "who has a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction[,] . . . assault . . . against a spouse or intimate partner." Count I charged that in February 2011, Bryant assaulted C.L.O., his previous girlfriend, "after having been convicted of at least two separate prior domestic assaults." Count II charged that in May 2011, Bryant assaulted his new live-in girlfriend, D.E., "after having been convicted of at least two separate prior domestic assaults."[2] The prior domestic assaults the government relied upon were domestic abuse convictions obtained in the Northern Cheyenne Tribal Court.

---

[2] The February 2011 and May 2011 assaults both occurred at Bryant's residence, which was located within the Northern Cheyenne Indian Reservation.

Bryant filed a motion to dismiss the indictment. He argued that using his tribal court convictions to satisfy an element of § 117(a) violates his Fifth and Sixth Amendment rights because (1) he was not appointed counsel during his tribal court proceedings and (2) only Indians may be prosecuted under § 117(a) on the basis of a prior conviction that does not comport with the Sixth Amendment. The government did not contest Bryant's representation that he lacked the assistance of counsel during his prior tribal court proceedings and that his convictions would have violated the Sixth Amendment had they been obtained in state or federal court. The district court denied the motion in a brief oral ruling. Bryant then entered a guilty plea pursuant to a conditional plea agreement that preserved his right to appeal the district court's ruling on the motion to dismiss. The district court sentenced Bryant to forty-six months' imprisonment on each count, to run concurrently.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to review a final judgment of the district court pursuant to 28 U.S.C. § 1291. We review de novo a district court's denial of a motion to dismiss an indictment on constitutional grounds. *United States v. Chovan*, 735 F.3d 1127, 1131 (9th Cir. 2013); *United States v. McCalla*, 545 F.3d 750, 753 (9th Cir. 2008).

## III. DISCUSSION

Bryant argues that using his prior tribal court convictions as the predicate offenses in a § 117(a) prosecution violates the Sixth Amendment right to counsel and the Fifth Amendment guarantee of due process because these convictions were obtained through procedures that, if utilized in state or federal

court, would violate the Sixth Amendment. As an initial matter, the government argues that Bryant failed to make an evidentiary showing that his tribal court convictions were uncounseled. The government also argues that tribal court proceedings are not governed by the Sixth Amendment and convictions that were not obtained in actual violation of the Constitution may be used in subsequent prosecutions.[3]

We may easily dispose of the government's first argument. In district court, Bryant repeatedly represented that he lacked counsel during the relevant tribal court proceedings. Yet, the government never objected that Bryant had not met his evidentiary burden on this point, even when Bryant characterized the issue as "undisputed." Accordingly, the issue is waived, *United States v. Carlson*, 900 F.2d 1346, 1349–50 (9th Cir. 1990), and we assume that Bryant did not have the benefit of counsel during his prior tribal court domestic abuse proceedings.[4]

The merits of this case pose a more difficult question. The United States Constitution guarantees criminal

---

[3] In its supplemental brief addressing the impact of *First* on this case, the government argued that it could rely on Bryant's tribal court convictions for another reason: at least two of his tribal court domestic abuse convictions did not result in a term of imprisonment, and therefore, did comport with the Sixth Amendment. The government has since conceded that Bryant does not have two prior tribal court domestic abuse convictions that did not result in a sentence of incarceration.

[4] Moreover, there is no serious doubt that Bryant was not appointed counsel during his tribal court domestic abuse proceedings. The Law and Order Code of the Northern Cheyenne Tribe, Title 5, Chapter III, Rule 22 provides that a defendant in a criminal case has the right to "defend himself . . . by . . . [an] attorney at his own expense." The Tribe does not guarantee a right to appointed counsel in any case.

UNITED STATES V. BRYANT            7

defendants the right to assistance of counsel for their defense. U.S. Const. amend. VI; *see also Gideon v. Wainwright*, 372 U.S. 335, 342–45 (1963). The right to appointed counsel for indigent criminal defendants is a "logical corollary" of this guarantee. *Powell v. Alabama*, 287 U.S. 45, 72 (1932).

In a line of cases beginning with *Powell*, the Supreme Court has set forth when the right to appointed counsel is triggered. *See id.* at 68–69, 71–72 (holding that the Fourteenth Amendment provides capital defendants with a right to appointed counsel because the due process right to be heard encompasses a right to be heard by counsel). In *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938), the Court recognized that the Sixth Amendment guarantees indigent criminal defendants the right to appointed counsel in federal proceedings. The Court subsequently held that the Sixth Amendment right to appointed counsel applies to the states as well through the Fourteenth Amendment. *Gideon*, 372 U.S. at 342–45.

*Johnson* and *Gideon* involved felony prosecutions, but the Court later clarified that the right to appointed counsel for indigent defendants attaches in all criminal cases "where loss of liberty is . . . involved," regardless of how a crime is classified. *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). In *Scott*, the Court further refined the right, holding that indigent defendants are entitled to appointed counsel only in those cases where a term of imprisonment is actually imposed, and not in every case where a term of imprisonment could be imposed. 440 U.S. at 369, 373–74. Finally, in *Alabama v. Shelton*, 535 U.S. 654, 658, 662, 674 (2002), the Court concluded that imposition of a suspended sentence constitutes a term of imprisonment that triggers the Sixth Amendment right to appointed counsel.

8               UNITED STATES V. BRYANT

However, the Sixth Amendment right to appointed counsel does not apply in tribal court proceedings, *First*, 731 F.3d at 1002; *United States v. Percy*, 250 F.3d 720, 725 (9th Cir. 2001); *Tom v. Sutton*, 533 F.2d 1101, 1102–03 (9th Cir. 1976), because the Constitution is generally inapplicable to tribal courts, *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978); *Talton v. Mayes*, 163 U.S. 376, 382–83 (1896).[5] Consequently, Bryant's prior uncounseled tribal court convictions that resulted in terms of imprisonment are not unconstitutional, and Bryant does not contend otherwise. Rather, Bryant argues that, because his convictions would have been unconstitutional had they been obtained in state or federal court, they may not be used to prove his guilt in a § 117(a) prosecution.

We agree that Bryant's prior tribal court domestic abuse convictions would have violated the Sixth Amendment had they been obtained in state or federal court. Under *Argersinger* and *Scott*, indigent criminal defendants have a right to appointed counsel in any state or federal case where a term of imprisonment is imposed. *Scott*, 440 U.S. at 369,

---

[5] "As separate sovereigns pre-existing the Constitution, tribes have historically been regarded as unconstrained by those constitutional provisions framed specifically as limitations on federal or state authority." *Santa Clara Pueblo*, 436 U.S. at 56. Congress nonetheless has plenary authority to impose limits on tribal self-government. *Id.* Acting under its plenary authority, Congress has required tribal courts to provide a limited right to counsel in criminal tribal court proceedings through the Indian Civil Rights Act ("ICRA"), which mandates that criminal defendants in tribal court be permitted to retain counsel at their own expense, and the Tribal Law and Order Act of 2010, which requires tribes to provide indigent defendants with appointed counsel in those cases where the tribal court imposes a term of imprisonment that exceeds one year. *See First*, 731 F.3d at 1002 & n.3. Indian tribes are, or course, free to grant additional rights through their own laws. *See id.* at 1003 & n.4.

UNITED STATES V. BRYANT                 9

373–74; *Argersinger*, 407 U.S. at 37. We must examine another line of cases, however, to determine whether convictions arising from proceedings that neither violate the Sixth Amendment nor provide an equivalent right to counsel may be used to prove an element of the offense in a later federal prosecution.

In a series of cases following *Gideon*, the Supreme Court addressed whether prior convictions obtained in violation of the Sixth Amendment right to counsel may be used in subsequent proceedings. In the first few such cases, the Court consistently held that uncounseled convictions obtained in violation of *Gideon* could not be used in subsequent proceedings to (1) prove the prior felony conviction element of a recidivist statute, *Burgett v. Texas*, 389 U.S. 109, 111, 114–16 (1967), (2) impose a higher sentence based on a prior conviction, *United States v. Tucker*, 404 U.S. 443, 447, 449 (1972), or (3) impeach a defendant's credibility, *Loper v. Beto*, 405 U.S. 473, 476, 482–83 (1972) (plurality opinion).

In *Lewis v. United States*, 445 U.S. 55, 66–67 (1980), the Court held, for the first time, that a prior conviction that violated the Sixth Amendment could be used in a subsequent prosecution. In *Lewis*, the defendant was convicted under a predecessor felon-in-possession-of-a-firearm statute. *Id.* at 57–58. He challenged the government's use of a prior conviction obtained in violation of *Gideon* to prove he was a felon. *Id.* The Court acknowledged *Burgett*, *Tucker*, and *Loper*, but did not read those cases to stand for the proposition that "an uncounseled conviction is invalid for all purposes." *Id.* at 66–67. It concluded that Lewis's prior uncounseled conviction could be used in a subsequent prosecution because the conviction was providing a basis for imposing only a firearms prohibition—an "essentially civil

disability," albeit one that was "enforceable by a criminal sanction." *Id.* at 67.

Not long after *Lewis*, the Court considered whether an uncounseled conviction that did not result in imprisonment—and therefore did not run afoul of the Sixth Amendment—could be used in a subsequent prosecution under a recidivist statute. *See Baldasar v. Illinois*, 446 U.S. 222, 223–24 (1980), *overruled by Nichols v. United States*, 511 U.S. 738 (1994). In a splintered decision, five justices, in three separate opinions, ruled that it could not. Lower courts struggled to interpret and apply *Baldasar*, *see Nichols*, 511 U.S. at 745, and, ultimately, the Court revisited a similar question in *Nichols*. In *Nichols*, the defendant pled guilty to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. *Id.* at 740. When calculating Nichols's criminal history points during sentencing, the district court considered a prior uncounseled state court conviction for which Nichols received a fine but was not incarcerated. *Id.* The Court held that an uncounseled prior conviction valid under *Scott*—as Nichols's was—"may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment." *Id.* at 746–47.

The Supreme Court has never addressed whether a conviction obtained in a forum not governed by the Constitution under procedures that do not comport with the Sixth Amendment right to counsel may be used in a subsequent prosecution. Our court, however, has twice addressed this issue. In *Ant*, we considered whether an uncounseled tribal court guilty plea to charges of assault and battery, which resulted in a six-month term of imprisonment, could be introduced as evidence of guilt in a subsequent

UNITED STATES V. BRYANT                    11

federal prosecution for manslaughter arising out of the same incident. 882 F.2d at 1390–91. We held that it could not, reasoning that "if Ant's earlier guilty plea had been made in a court other than in a tribal court, it would not be admissible in the subsequent federal prosecution absent a knowing and intelligent waiver" of his right to counsel. *Id.* at 1394. This fact rendered the plea "constitutionally infirm" and inadmissible in a later federal prosecution. *Id.* at 1395.

More recently, in *First*, we considered whether a prior uncounseled tribal court conviction that resulted in a term of imprisonment could be used as the predicate offense in a prosecution under 18 U.S.C. § 922(g)(9). 731 F.3d at 1000–01, 1003. Section 922(g)(9) makes it unlawful for a person convicted of a misdemeanor domestic violence offense to possess a firearm. Noting the similarity between § 922(g)(9) and the statute in *Lewis*, we concluded that "it is of no moment that First's misdemeanor conviction was obtained without complying with the Sixth Amendment," because the government sought to use the conviction only to enforce a civil firearms disability. *Id.* at 1008–09. In so holding, we discussed *Ant*, stating as follows:

> We do not question *Ant*'s continued vitality. *Ant* stands for the general proposition that even when tribal court proceedings comply with ICRA and tribal law, if the denial of counsel in that proceeding violates federal constitutional law, the resulting conviction may not be used to support a subsequent federal prosecution. *Lewis*, however,

>       demonstrates that the federal firearms statute
>       is an exception from this general rule.

*Id.* at 1008 n.9 (internal citations omitted).

We agree that, as a general rule, *Ant* holds that a conviction obtained in a tribal court that did not afford a right to counsel equivalent to the Sixth Amendment right may not be used in a subsequent federal prosecution. Accordingly, we hold that, subject to the narrow exception recognized in *Lewis* and *First* for statutes that serve merely as enforcement mechanisms for civil disabilities, tribal court convictions may be used in subsequent prosecutions only if the tribal court guarantees a right to counsel that is, at minimum, coextensive with the Sixth Amendment right. Section 117(a) is an ordinary recidivist statute and not a criminal enforcement scheme for a civil disability. Accordingly, the general rule announced in *Ant* applies. Because Bryant's tribal court domestic abuse convictions would have violated the Sixth Amendment right to counsel had they been obtained in federal or state court, using them to establish an element of the offense in a subsequent § 117(a) prosecution is constitutionally impermissible. *See Ant*, 882 F.2d at 1394–95.

We reject the government's arguments to the contrary. The government contends this case is controlled by *Nichols*, not *Ant*. But *Nichols* involved a prior conviction that did comport with the Sixth Amendment, 511 U.S. at 740, 746–47, whereas this case involves prior convictions obtained under procedures that, if utilized in state or federal court, would have violated the Sixth Amendment. *Ant* is the relevant authority.

UNITED STATES V. BRYANT                           13

The government also argues that *Ant* is no longer good law because it relied on *Baldasar*, which *Nichols* overruled. *Ant* cited *Baldasar* only once, and for the general proposition that an uncounseled conviction could not be used to prove an element of a recidivist statute. *Ant*, 882 F.2d at 1394. *Nichols* did overrule *Baldasar*'s holding that an uncounseled conviction valid under *Scott* could not be used in a subsequent prosecution. *Nichols*, 511 U.S. at 746–47. But even after *Nichols*, uncounseled convictions that resulted in imprisonment generally could not be used in subsequent prosecutions. *See id. But see Lewis*, 445 U.S. at 66–67. Because *Ant* involved the latter scenario, *see* 882 F.2d at 1390–91, it remains good law notwithstanding its citation to *Baldasar*.

Moreover, for us to overrule our own precedent, a Supreme Court decision "must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); *see also Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227, 1235 (9th Cir. 2007) (explaining that where a Supreme Court case did not actually address the issue raised in a prior Ninth Circuit case, a three-judge panel remained bound by circuit precedent notwithstanding the implications of the subsequent Supreme Court case). *Nichols* and *Ant* are easily reconcilable because *Nichols* involved an uncounseled conviction valid under the Sixth Amendment, whereas *Ant* involved prior tribal court proceedings that, in state or federal court, would not have been valid under the Sixth Amendment. Accordingly, we read *Nichols* and *Ant* to stand for the proposition that, subject to the limited exception recognized in *Lewis* and *First*, the Sixth Amendment permits using a prior conviction in a later prosecution only if, in the prior

proceeding, the defendant was afforded, at a minimum, the same right to counsel as guaranteed by the Sixth Amendment. Nothing in *Nichols* mandates adopting the government's position that, as long as the conviction does not violate the Constitution, it may be used in a later prosecution.

We recognize that our holding places us in conflict with two other circuits. *See United States v. Shavanaux*, 647 F.3d 993 (10th Cir. 2011); *United States v. Cavanaugh*, 643 F.3d 592 (8th Cir. 2011). *Shavanaux* and *Cavanaugh* held that a prior uncounseled tribal court conviction could be used as a predicate offense for a § 117(a) prosecution. *Shavanaux*, 647 F.3d at 997; *Cavanaugh*, 643 F.3d at 603–04. The *Shavanaux* court reasoned that, because the Sixth Amendment does not apply in tribal court, using a tribal court conviction in a subsequent prosecution cannot violate the Sixth Amendment. 647 F.3d at 996–98. The *Cavanaugh* court read *Nichols* as establishing a bright-line rule that so long as a conviction did not violate the Constitution, it could be used in a subsequent proceeding. 643 F.3d at 603–04. *Shavanaux* and *Cavanaugh* cannot be reconciled with *Ant*, and we are bound by *Ant*.[6]

---

[6] In fact, both the Eighth Circuit and the Tenth Circuit recognized that their holdings were at odds with *Ant*. *Shavanaux*, 647 F.3d at 997–98; *Cavanaugh*, 643 F.3d at 604–05.

The *Shavanaux* court rejected *Ant* as wrongly decided. 647 F.3d at 997–98. It disagreed with *Ant*'s "threshold determination that an uncounseled tribal conviction is constitutionally infirm," believing that this determination was a consequence of having "overlook[ed]" the *Talton* line of cases establishing that tribal courts are not governed by the Constitution. *Id.* But *Ant* did not overlook this case law. Although *Ant* did not cite *Talton*, it recognized repeatedly that tribal court proceedings are limited only by the ICRA and tribal law. *See* 882 F.2d at 1391–92, 1395. In describing Ant's guilty plea as "constitutionally infirm," the *Ant*

UNITED STATES V. BRYANT                    15

As we did in *First*, we reiterate *Ant*'s continued vitality. *See* 731 F.3d at 1008 n.9.  Under *Ant*, the government may not rely on tribal court convictions as predicate offenses in § 117(a) prosecutions unless the tribal court afforded the same right to counsel as guaranteed by the Sixth Amendment in federal and state prosecutions.  *See* 882 F.2d at 1394–95. Bryant's relevant tribal court convictions do not meet this standard.  Consequently, the charges against him must be dismissed.[7]

---

court used a convenient shorthand term to refer to the fact that Ant's guilty plea, although not obtained in violation of the Constitution, was obtained through procedures that, had they been employed in state or federal court, would have been unconstitutional.  Read in context, the term does not suggest that *Ant*'s holding is based on the faulty premise that the Constitution applies to tribal court proceedings.

The *Cavanaugh* court distinguished *Ant*, because in *Ant*, the subsequent federal proceeding arose out of the same incident as the tribal court proceeding and the government sought to use a guilty plea that did not comport with the Sixth Amendment to prove, not merely the fact of a prior conviction, but the truth of the matter asserted in the plea.  *See* 643 F.3d at 604–05.  This is a distinction without a difference.  As the *Cavanaugh* dissent explained, the key factor in both *Ant* and *Cavanaugh* was the government's reliance on prior tribal court proceedings, that, if governed by the Constitution, would have violated the Sixth Amendment right to counsel to prove an element of the offense.  *Id.* at 607 (Bye, J., dissenting).

[7] Bryant also argues that using his tribal court convictions as predicate offenses is a violation of the Fifth Amendment's guarantee of equal protection because only Indians are subject to prosecution based on prior convictions that do not comport with the Sixth Amendment right to counsel.  Given the result we reach, we need not address Bryant's equal protection argument.

## IV. CONCLUSION

We hold that the § 117(a) charges against Bryant must be dismissed because at least one of his predicate tribal court domestic abuse convictions was uncounseled and resulted in a term of imprisonment.

**REVERSED.**

---

WATFORD, Circuit Judge, concurring:

I agree with the majority that *United States v. Ant*, 882 F.2d 1389 (9th Cir. 1989), remains binding and controls the outcome of this case. I write separately to highlight three reasons why, in my view, *Ant* warrants reexamination.

**1.** The Supreme Court's decision in *Nichols v. United States*, 511 U.S. 738 (1994), doesn't squarely overrule *Ant*, but it does call *Ant*'s reasoning into question. *Nichols* held that an uncounseled misdemeanor conviction valid under *Scott v. Illinois*, 440 U.S. 367 (1979)—because no term of imprisonment was imposed—may be used "to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment." 511 U.S. at 746–47. The Court's holding undermines the notion that uncounseled convictions are, as a categorical matter, too unreliable to be used as a basis for imposing a prison sentence in a subsequent case. *Nichols* suggests that so long as a prior conviction isn't tainted by a constitutional violation, nothing in the Sixth Amendment bars its use in subsequent criminal proceedings.

That principle is hard to square with the result we reach today by applying *Ant*. It's true that Michael Bryant's prior domestic abuse convictions would have been obtained in violation of the Sixth Amendment had he been tried in state or federal court, since he lacked appointed counsel and appears to have received a term of imprisonment following those convictions. *See Scott*, 440 U.S. at 373–74. But the fact remains that his prior convictions were *not* obtained in violation of the Sixth Amendment because they occurred in tribal court, where the Sixth Amendment doesn't apply. *United States v. Percy*, 250 F.3d 720, 725 (9th Cir. 2001). It seems odd to say that a conviction untainted by a violation of the Sixth Amendment triggers a violation of that same amendment when it's used in a subsequent case where the defendant's right to appointed counsel is fully respected. As the Tenth Circuit stated, "Use of tribal convictions in a subsequent prosecution cannot violate 'anew' the Sixth Amendment, because the Sixth Amendment was never violated in the first instance." *United States v. Shavanaux*, 647 F.3d 993, 998 (10th Cir. 2011) (citation omitted). The contrary rule we adopted in *Ant* would make sense if uncounseled convictions were deemed insufficiently reliable to warrant giving them any weight in subsequent criminal proceedings. But, as I've noted, *Nichols* undercuts the proposition that uncounseled convictions are categorically unreliable.

Further doubt is cast on *Ant*'s vitality when we consider the exception carved out in *Lewis v. United States*, 445 U.S. 55 (1980), and *United States v. First*, 731 F.3d 998 (9th Cir. 2013). In *Lewis*, the Supreme Court held that a felony conviction obtained in violation of the Sixth Amendment could nevertheless be used as a predicate for a felon-in-possession charge. 445 U.S. at 67. The Court

reasoned that the firearms prohibition relied "on the mere fact of conviction," not the reliability of that conviction, to enforce through criminal sanctions what amounted to only "a civil disability." *Id.* We felt compelled to follow this precedent in *First*, where we held that an uncounseled tribal court conviction that would have violated the Sixth Amendment if obtained in state or federal court could also be used as a predicate for a similar firearms possession statute. 731 F.3d at 1008–09.

The resulting asymmetry is striking. In *Lewis* and *First*, the "mere fact of conviction," even if unreliable and unconstitutionally obtained, could be used to criminalize an act that might otherwise be lawful—firearms possession. *Lewis*, 445 U.S. at 67; *First*, 731 F.3d at 1008–09. Here, however, the "mere fact" of a domestic violence conviction cannot be used to support punishment for an act that is already criminal—domestic violence. That seems illogical. If anything, we would want to be more cautious about the use of uncounseled prior convictions in prohibiting firearms possession, because that prohibition impinges upon what would otherwise be a fundamental right. We aren't impinging upon anyone's rights when we prohibit (or enhance penalties for) domestic violence, since no one has the right to abuse a spouse or intimate partner to begin with. The reason for holding that the Sixth Amendment is violated in this case but not in *Lewis* and *First* isn't easy to grasp.

**2.** So why *are* we refusing to recognize the validity of Bryant's prior domestic abuse convictions in this case, given that the convictions themselves aren't constitutionally infirm? Presumably it's because of concerns over the reliability of those convictions. As discussed above, though, that concern apparently doesn't exist across the board with respect to

uncounseled convictions obtained in state or federal courts. So aren't we really saying that the right to appointed counsel is necessary to ensure the reliability of all *tribal* court convictions? If that's true, we seem to be denigrating the integrity of tribal courts, as discussed in the dissent in *Ant*. *See* 882 F.2d at 1397–98 (O'Scannlain, J., dissenting). The implication is that, if the defendant lacks counsel, tribal court convictions are inherently suspect and unworthy of the federal courts' respect. While in our adversarial system we've concluded that the lack of counsel detracts from the accuracy and fairness of a criminal proceeding, *see Gideon v. Wainwright*, 372 U.S. 335, 342–44 (1963), respect for the integrity of an independent sovereign's courts should preclude such quick judgment. *See Wilson v. Marchington*, 127 F.3d 805, 811 (9th Cir. 1997).

**3.** It's perhaps unsurprising that our decision in this case conflicts with decisions from two of our sister circuits. Faced with almost identical scenarios—prior, uncounseled tribal court convictions that would have violated the Sixth Amendment in state or federal court and that were used as predicate offenses under 18 U.S.C. § 117—the Eighth and Tenth Circuits pointedly disagreed with us. *See United States v. Cavanaugh*, 643 F.3d 592, 595, 604 (8th Cir. 2011); *United States v. Shavanaux*, 647 F.3d 993, 995–98 (10th Cir. 2011). As our colleagues on the Eighth Circuit noted, "Supreme Court authority in this area is unclear; reasonable decisionmakers may differ in their conclusions as to whether the Sixth Amendment precludes a federal court's subsequent use of convictions that are valid because and only because they arose in a court where the Sixth Amendment did not apply." *Cavanaugh*, 643 F.3d at 605. Given this circuit split and the lack of clarity in this area of Sixth Amendment law, the Supreme Court's intervention seems warranted.